UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE A. LAGUER,<br><br>  Plaintiff,<br><br>  v.<br><br>R. BROOMFIELD, et al.,<br><br>  Defendants. | Case No.: 1:14-cv-00335-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff George A. Laguer is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on March 10, 2014. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 7, 2014. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff contends that Defendants Broomfield, Munoz, Peterson, Nail, Cordova, Tomlin, DeOchoa, Middleton and Renteria were deliberately indifferent towards his conditions of confinement by subjecting him to a serious risk of harm for twelve days which resulted in serious injury to Plaintiff.

On January 19, 2013, Plaintiff was assigned to cell number 27 in 4A Facility Unit 2-Right because the plumping in his prior cell was in need of repair. The pipes in his cell were in such disrepair that it caused a blanket of contaminated water to cover his entire cell floor and the tier in front of his cell as a result of the drain being plugged.

When Plaintiff asked Defendants Peterson, Cordova, Tomlin, DeOchoa, Middleton and Renteria to submit an emergency work-order for the plumber to repair, the Defendants would respond there was no need because they had already been submitted work-orders. When Plaintiff asked these

1  Defendants to move him to another cell due to the contamination water, they refused and told him
2  there were no available cells.
3      Plaintiff sent inmate requests for interview forms to Defendants Broomfield, Munoz and Nail
4  describing the contamination in his cell where he had to consume his meals, sleep and live and
5  requested the cell conditions be repaired or he be moved to a different cell.  These Defendants never
6  responded to Plaintiff's requests.
7      Defendants Broomfield, Munoz, Peterson, Nail, Cordova, Tomlin, DeOchoa, Middleton and
8  Renteria were all in a position to "red line" (declare his cell unsafe for occupancy), but each of them
9  failed and/or refused to do so, and there was legitimate penological interest for doing so.

## III.

## DISCUSSION

### A.   Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

### B.   Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and

1  harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045
2  (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of
3  legitimate penological purpose or contrary to evolving standards of decency that mark the progress of
4  a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and
5  citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

6       Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
7  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
8  2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in
9  prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To
10 maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately
11 indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v.
12 Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir.
13 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th
14 Cir. 1998).

15      To establish a violation of this duty, a prisoner must satisfy both an objective and subject
16 component. Johnson v. Lewis, 217 F.3d at 731. Thus, a prisoner must demonstrate an objectively
17 serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's
18 necessitites." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452
19 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious, "the
20 circumstances, nature, and duration" of the deprivation must be considered. Johnson, 217 F.3d at 731.
21 A prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind,
22 one of "deliberate indifference." Wilson v. Seiter, 501 U.S 294, 303 (1991); Johnson, 217 F.3d at 733.
23 A prison official is liable for denying an inmate humane conditions of confinement only if "the official
24 knows of and disregards an excessive risk to inmate health and safety; the official must both be aware
25 of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he
26 must also draw the inference. Farmer, 511 U.S. at 837.

27      While there may be a violation of the Eighth Amendment by the flooding of contaminated
28 water in Plaintiff's cell for twelve days, at this juncture Plaintiff's claims are too vague to determine

whether each of the named Defendants acted with deliberate indifference to his personal safety. Plaintiff provides no details other than a flood of "contaminated" water flowed into his cell which is nothing more than "[t]hreadbare recitals of the elements of a cause of action," supported by mere conclusory statements insufficient to give rise to a constitutional violation. Iqbal, 556 U.S. at 678. Plaintiff's allegations demonstrate that Defendants were aware of the problem and in fact had sought the assistance of a plumber by filling out an emergency work order form. Thus, it is not clear that the Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety. Although Plaintiff contends he requested a transfer to a different cell, he was advised that no other cells were available. Plaintiff fails to provide any of the other circumstances as to the nature of the flooding and the Court cannot, at this juncture, determine whether any of the named Defendants may have violated the Eighth Amendment. Johnson v. Lewis, 217 F.3d at 731. Accordingly, Plaintiff allegations fail to give rise to a constitutional violation and Plaintiff will be granted the opportunity to file an amended complaint.

## II.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

///

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed March 10, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 5, 2014**

UNITED STATES MAGISTRATE JUDGE